# STEVEN G. M. BIRO ET AL. *v.* THOMAS W. HILL, JR., ET AL.
## (14992)

PETERS, C. J., and BORDEN, BERDON, NORCOTT and PALMER, Js.

Argued September 23—decision released December 6, 1994

*Peter L. Truebner,* for the appellants (plaintiffs).

*Robert G. Oliver,* with whom, on the brief, was *Carolyn P. Gould,* for the appellee (defendant Sidley and Austin).

PER CURIAM. The plaintiffs appeal[1] challenging the action of the trial court, *Rush, J.,* denying their motion for reconsideration of a judgment of nonsuit previously rendered against them, and denying their motion to set aside that judgment.[2] In this appeal, the plaintiffs challenge: (1) the rendition of the original judgment of nonsuit; (2) the denial of their motion to set aside that judgment; and (3) the denial of their motion to reconsider both the judgment of nonsuit and the denial of their motion to open the judgment of nonsuit.[3] After full and careful consideration of the relevant portions of the trial court record and of the briefs of the par-

---

[1] The plaintiffs appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c).

[2] This is the second time that we have considered this case on appeal. Previously, we reversed the judgment of the trial court, *Lewis, J.,* dismissing the case for failure to join a necessary party. *Biro* v. *Hill,* 214 Conn. 1, 570 A.2d 182 (1990).

The plaintiffs are Steven G. M. Biro and his wife, Safiye Guzin Altiok Biro. The sole defendant in this appeal is the law firm of Sidley and Austin. The named defendant, Thomas W. Hill, Jr., was never served, and he is not a party to this case. As to four individual partners of Sidley and Austin, the trial court, *Lewis, J.,* granted a motion to strike, from which no appeal was taken, and they are no longer parties to this case.

We note also that the plaintiffs have brought a similar action against the defendant and Hill in New York, which was pending at the time of the trial court proceedings in this case.

[3] Although there is some question regarding the timeliness of the plaintiffs' appeal with respect to the original nonsuit; see Practice Book § 4009; and although the defendant challenges the timeliness of that portion of the appeal, we address that portion of the appeal because the time limitation does not implicate subject matter jurisdiction; see *Ambroise* v. *William Raveis Real Estate, Inc.,* 226 Conn. 757, 762, 628 A.2d 1303 (1993); and because to do so would not affect our determination of the outcome of the appeal.

ties on appeal, we conclude that: (1) under the Practice Book and our well established case law, all of the challenged rulings of the trial court were matters committed to the discretion of the trial court; and (2) any such procedural considerations aside, on their merits all of the challenged actions of the trial court were within its discretion.[4] We therefore affirm the judgment of the trial court.

On July 13, 1992, the trial court ordered a nonsuit entered against the plaintiffs for their failure to respond to certain discovery requests that had been filed by the defendant on October 18, 1991. The nonsuit followed the plaintiffs' failure to comply, even partially, with the discovery requests on three previously entered deadlines for compliance, namely, December 18, 1991, February 18, 1992, and July 2, 1992. Practice Book § 231 gives the trial court discretion to impose appropriate sanctions for the failure to comply with discovery requests "as the ends of justice require."[5] The factors

---

[4] In this per curiam opinion, we have referred to only the most significant parts of the record that lead us to affirm the judgment.

[5] Practice Book § 231 provides: "ORDER FOR COMPLIANCE; FAILURE TO ANSWER OR COMPLY WITH ORDER

"If any party has failed to answer interrogatories or to answer them fairly, or has intentionally answered them falsely or in a manner calculated to mislead, or has failed to respond to requests for production or for disclosure of the existence and contents of an insurance policy or the limits thereof, or has failed to submit to a physical or mental examination, or has failed to comply with a discovery order made pursuant to Sec. 230A, or has failed to comply with the provisions of Sec. 232, or has failed to appear and testify at a deposition duly noticed pursuant to this chapter, or has failed otherwise substantially to comply with any other discovery order made pursuant to Secs. 222, 226, and 229, the court may, on motion, make such order as the ends of justice require.

"Such orders may include the following:

"(a) The entry of a nonsuit or default against the party failing to comply;

"(b) The award to the discovering party of the costs of the motion, including a reasonable attorney's fee;

"(c) The entry of an order that the matters regarding which the discovery was sought or other designated facts shall be taken to be established

to be considered by the court include: (1) whether non-compliance was caused by inability, rather than wilful-ness, bad faith or other fault; (2) whether and to what extent noncompliance caused prejudice to the other party, including the importance of the information sought to that party's case; and (3) which sanction would, under the circumstances of the case, be an appropriate judicial response to the noncomplying party's conduct. *Pavlinko* v. *Yale-New Haven Hospital,* 192 Conn. 138, 144, 470 A.2d 246 (1984). As with any discretionary action of the trial court, appellate review requires every reasonable presumption in favor of the action, and the ultimate issue for us is whether the trial court could have reasonably concluded as it did. See, e.g., *Pool* v. *Bell,* 209 Conn. 536, 541, 551 A.2d 1254 (1989); *DiPalma* v. *Wiesen,* 163 Conn. 293, 298–99, 303 A.2d 709 (1972). We are convinced that the trial court properly considered all of the rele-vant factors in ordering the nonsuit. The record dem-onstrates, furthermore, that, as is appropriate, the trial court recognized that a nonsuit is among the most drastic of the available remedies, and that it exercised its discretion with due caution and restraint in order-ing that sanction.[6] We conclude, therefore, that the

---

for the purposes of the action in accordance with the claim of the party obtaining the order;

"(d) The entry of an order prohibiting the party who has failed to com-ply from introducing designated matters in evidence;

"(e) If the party failing to comply is the plaintiff, the entry of a judg-ment of dismissal.

"The failure to comply as described in this section may not be excused on the ground that the discovery is objectionable unless written objection as authorized by Secs. 222, 226, and 229 has been filed."

[6] Indeed, when it ordered the nonsuit the trial court indicated that, if the plaintiffs complied with the outstanding discovery requests within three weeks, it would consider setting aside the nonsuit. At that time, the plain-tiffs represented to the court that they had drafted the responses to the discovery requests, that by "mutual consent" they had engaged new counsel who was in the courtroom but who had not yet entered his appearance, and that they would be prepared to file the responses within three weeks.

trial court did not abuse its discretion in ordering the nonsuit.

Despite the trial court's invitation based upon the plaintiffs' representations; see footnote 6; the plaintiffs did not file their motion to set aside the judgment of nonsuit until September 17, 1992. In their counsel's affidavit in support of their motion, the plaintiffs asserted that the reason for their failure to comply with the discovery orders, for which the judgment of nonsuit had been rendered, "was [the] Plaintiffs' decision to retain new attorneys and a belief that it would be unfair to bind new counsel with responses to interrogatories and production requests before he had opportunity to evaluate the case." The plaintiffs also asserted that they had now complied with the discovery requests. The defendant disputed that such compliance had occurred. The defendant also opposed the motion on the grounds that the plaintiffs had not satisfied the requirements for setting aside a judgment of nonsuit, and that the late and incomplete disclosure would be unduly prejudicial in light of a trial date already set for early December. After full oral argument on the motion and the defendant's objection, the trial court, on October 7, 1992, denied the motion to set aside the judgment of nonsuit without a written or oral memorandum of decision. The plaintiffs did not seek an articulation of that ruling.

The power of the court to set aside a judgment of nonsuit is governed by General Statutes § 52-212.[7]

[7] General Statutes § 52-212 provides: "REOPENING JUDGMENT UPON DEFAULT OR NONSUIT. (a) Any judgment rendered or decree passed upon a default or nonsuit in the superior court may be set aside, within four months following the date on which it was rendered or passed, and the case reinstated on the docket, on such terms in respect to costs as the court deems reasonable, upon the complaint or written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition

*Jaconski* v. *AMF, Inc.,* 208 Conn. 230, 237, 543 A.2d 728 (1988); *Pantlin & Chananie Development Corp.* v. *Hartford Cement & Building Supply Co.,* 196 Conn. 233, 240, 492 A.2d 159 (1985); see also Practice Book § 377.[8] The plaintiff must establish that a good cause of action, the nature of which must be set forth, existed when the judgment of nonsuit was rendered, and that the plaintiff was prevented from prosecuting it because of mistake, accident or other reasonable cause. *Pantlin & Chananie Development Corp.* v. *Hartford Cement & Building Supply Co.,* supra, 240. In ruling on a motion to open a judgment of nonsuit, the trial court must

---

of the judgment or the passage of the decree, and that the plaintiff or defendant was prevented by mistake, accident or other reasonable cause from prosecuting the action or making the defense.

"(b) The complaint or written motion shall be verified by the oath of the complainant or his attorney, shall state in general terms the nature of the claim or defense and shall particularly set forth the reason why the plaintiff or defendant failed to appear.

"(c) The court shall order reasonable notice of the pendency of the complaint or written motion to be given to the adverse party, and may enjoin him against enforcing the judgment or decree until the decision upon the complaint or written motion."

[8] Practice Book § 377 provides: "OPENING JUDGMENT UPON DEFAULT OR NONSUIT

"Any judgment rendered or decree passed upon a default or nonsuit may be set aside within four months succeeding the date on which it was rendered or passed, and the case reinstated on the docket on such terms in respect to costs as the court deems reasonable, upon the written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of such judgment or the passage of such decree, and that the plaintiff or the defendant was prevented by mistake, accident or other reasonable cause from prosecuting or appearing to make the same. Such written motion shall be verified by the oath of the complainant or his attorney, shall state in general terms the nature of the claim or defense and shall particularly set forth the reason why the plaintiff or the defendant failed to appear. The court shall order reasonable notice of the pendency of such written motion to be given to the adverse party, and may enjoin him against enforcing such judgment or decree until the decision upon such written motion.

"If the court opens a nonsuit entered pursuant to Sec. 363, the court as part of its order may extend the time for filing pleadings or disclosure."

exercise sound judicial discretion, which will not be disturbed on appeal unless there was an abuse of discretion. Id., 237–38. In reviewing the trial court's exercise of its discretion, we make every presumption in favor of its action. *Acheson* v. *White,* 195 Conn. 211, 215, 487 A.2d 197 (1985). This record amply supports the trial court's denial of the plaintiffs' motion, and we can discern no abuse of discretion that would justify reversing that action.

On November 12, 1992, the plaintiffs filed a motion to reargue and for reconsideration of: (1) the judgment of nonsuit; and (2) the denial of their motion to open that judgment. Although the motion stated that "[s]upporting affidavits and a memorandum of law are attached," those documents were not attached, either to the motion filed in court or to the copy sent to the defendant, and they were not filed in court until November 18, 1992. The defendant objected on both procedural and substantive grounds. After full oral argument, the trial court denied the plaintiffs' motion without a written or oral memorandum of decision, and the plaintiffs did not seek articulation. Having examined the record, we can find no basis upon which to reverse the trial court's exercise of discretion in denying the plaintiffs' motion.

The judgment is affirmed.

BERDON, J., concurring. I agree with the majority that the trial court in this case did not abuse its discretion in entering a disciplinary nonsuit pursuant to Practice Book § 231 and in refusing to set aside the judgment of nonsuit pursuant to General Statutes § 52-212. I write separately in order to emphasize that the entry of a nonsuit is a drastic remedy and should be considered only as a last resort. There are, of course, other effective ways of persuading the errant party to comply with rules of discovery, such as awarding attor-

ney's fees to the discovering party; Practice Book § 231 (b); or fining the dilatory attorney. General Statutes § 51-84; *In re Mongillo,* 190 Conn. 686, 690–91, 461 A.2d 1387 (1983). In this case, on the basis of the record before us, I have no reason to believe that the trial court did not consider these other alternatives.

Seldom are the interests of justice served for *either* party when litigation fails to be concluded upon its merits. Indeed, when the plaintiff is nonsuited, that does not necessarily put an end to the substantive issues raised. The plaintiff may, in fact, institute a new action. General Statutes § 52-592; see *Gionfrido* v. *Wharf Realty, Inc.,* 193 Conn. 28, 34 n.6, 474 A.2d 787 (1984); *Marangio* v. *Shop Rite Supermarkets, Inc.,* 11 Conn. App. 156, 160, 525 A.2d 1389, cert. denied, 204 Conn. 809, 528 A.2d 1155 (1987). Of course, the reinstitution of litigation involves additional attorney's fees for both parties and an additional burden for the courts. Given such consequences, it may well be in the best interest of the parties and the court to impose sanctions other than a nonsuit on a dilatory litigant.