[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter comes before the court on defendants' motion to strike the plaintiff's amended complaint in that it fails to name a necessary party and therefore fails for nonjoinder.
On September 16, 1994, the plaintiff, Covered Wagon, Inc., commenced this action by an application for a prejudgment remedy of attachment against the defendants, Brent Roubos, Chestnut Hill Farm and Abbey Lane Landscaping Corp. In its complaint, dated September 13, 1994, plaintiff alleged that it and the defendants operate businesses at 66 Sugar Hollow Road in Danbury, Connecticut, and that the defendants' lease with the owners of the premises prohibits them from selling Christmas trees or flowers in competition with plaintiff. Plaintiff avers that the defendants have violated the non-competition clause of their lease by directly competing with plaintiff, and that plaintiff has thereby suffered damages. On March 27, 1995, the court, Stodolink, J., ordered a prejudgment remedy in the amount of $7500 as to all defendants.
On September 22, 1995, plaintiff filed a "revised" complaint, and on November 2, 1995, plaintiff filed an "amended" complaint, sounding in four counts. The first count asserts a claim under the Connecticut Unfair Trade Practices Act (CUTPA) based on the defendants' alleged violation of the non-competition clause in their lease. In the second count, plaintiff asserts that the alleged lease violation constitutes a tortious interference with its contractual relationship with "the owner of 66 Sugar Hollow Road." In the third count, plaintiff alleges that the acts complained of constitute "fraud, misrepresentation or molestation," and that the defendants "acted maliciously." Finally, in the fourth count, it is alleged that the defendants have continued to act in violation of the non-competition clause, notwithstanding plaintiff's request that they "cease and desist," and that plaintiff "has been and is continuing to suffer irreparable harm for which it has no adequate remedy at law."
On January 22, 1996, the defendants filed this joint motion to strike plaintiff's entire September 21, 1995 complaint. In CT Page 4010-YY their memorandum in support of the motion, the defendants make conflicting assertions as to whose lease the non-competition clause appears. Initially, the defendants assert that clause appears in plaintiff's lease with its landlord, who is also the defendants' landlord. (Defendants' Memorandum, p. 1.)[1]
In the next paragraph, however, the defendants assert that "[t]he gravamen of the plaintiff's case pertains to a restrictive covenant contained in a lease agreement between the defendant and William T. Peatt, Jr., of Sugar Hollow Park, Inc. [Sugar Hollow], Danbury, Connecticut." (Emphasis added.) (Defendants' Memorandum, pp. 1-2.) Finally, the defendants allege that Sugar Hollow "is an indispensable party because his interest in the case is such that a final judgment cannot be entered without either affecting his interest or leaving the case in such a condition that its final resolution may be inconsistent with equity and good conscience." (Defendants' Memorandum, pp. 1-2.)
In response, plaintiff argues that the defendants' motion is improper since its September 22, 1995 complaint has been superseded by its November 2, 1995 amended complaint and, further, that Sugar Hollow is not a necessary party to the action and that, in any event, the defendants have not adequately set forth facts stating the interest of Sugar Hollow in accordance with Practice Book § 152.
The function of a motion to strike is "to test the legal sufficiency of a pleading." RK Constructors, Inc. v. Fusco Corp.,231 Conn. 381, 384, 650 A.2d 153 (1994). It is well-settled that on a motion to strike, "[t]he court must construe the facts in the complaint most favorably to the plaintiff"; Gordon v.Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185
(1988); which includes the facts fairly provable and necessarily implied. Westport Bank Trust Co. v. Corcoran, Mallin Aresco,221 Conn. 490, 495, 490 A.2d 862 (1992).
Pursuant to Practice Book § 152(3), a party may make a motion to strike if a necessary party has not been joined in the action. The Connecticut Supreme Court has defined "necessary" parties as "[p]ersons having an interest in the controversy, and who ought to be made parties, in order that the court may act on that rule which requires it to decide on, and finally determine the entire controversy, and do complete justice. . . ." Biro v.Hill, 214 Conn. 1, 5, 570 A.2d 182 (1990), on remand, 231 Conn. 462,650 A.2d 541 (1994). Practice Book § 152 also provides CT Page 4010-ZZ that "[a] motion to strike on the ground of the nonjoinder of a necessary party must give the name and residence of the missing party or such information as the moving party has as to his identity . . . and must state his interest in the cause of action."
As a preliminary matter, since the filing of an amended complaint acts as a withdrawal of the previous complaint; Roycev. Westport, 183 Conn. 177, 179, 439 A.2d 298 (1981); the court should treat the defendants' motion to strike as being directed towards plaintiff's November 2, 1995 amended complaint, not the previous complaint dated September 21, 1995.[2] Further, the defendants have failed to comply with § 152 of the Practice Book which requires that a party must state the alleged necessary party's interest in the cause of action. It is not enough to merely assert that a person has an interest in a certain case, the court must be provided with facts on which that assertion is based so that the court may properly evaluate that alleged interest. See P G Enterprises v. SKW Real Estate, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 539728 (March 27, 1995, Hennessey, J.) ("[t]he defendant merely states that the `guarantors are necessary and indispensable parties. . .' Therefore, the defendant has failed to comply with the requirements of § 152 of the Practice Book").
The defendants have asserted that Sugar Hollow has an interest, but in their two paragraph memorandum they have failed to set forth any facts showing what that interest is. Plaintiff's complaint seeks damages for alleged tortious acts of thedefendants, but it is not at all clear how Sugar Hollow would be affected by any judgment rendered against the defendants if plaintiff's allegations are eventually proven.
While the court is permitted to look at facts outside the pleadings when the basis of a motion to strike is for nonjoinder; see footnote 3, supra; in this case there simply are no facts, in the pleadings or otherwise, that the court can look to in evaluating Sugar Hollow's alleged interest in this action. Accordingly, the defendants' motion to strike is denied.
Mihalakos, J.