[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Kathryn and Robert Mathieson (hereafter Mathieson") instituted this proceeding alleging that the defendant installed a septic system on their land. The defendant filed a request to revise dated June 20, 1995, to which the plaintiff responded by filing a revised complaint. Thereafter, the defendant, arguing that the plaintiffs' revised complaint was nonresponsive to the request to revise, moved for an order of compliance and/or nonsuit. On November 29, 1995, the court (Stodolink, J.) entered an order granting the defendant's motion, but making the order effective January 30, 1996. The plaintiffs did not comply, and did not thereafter move to set aside the nonsuit.
On August 26, 1996, they commenced the present action against the same defendant, alleging, with slightly more specificity, a claim identical to the one they had alleged in the earlier action. The defendant has moved to dismiss, arguing that the court lacks subject matter jurisdiction over the present action CT Page 416 because the previous action "was identical in all respects." (Prior pending action.)
The prior pending action doctrine holds that "when two separate lawsuits are virtually alike the second action is amenable to dismissal by the court." (Citations omitted; internal quotation marks omitted.) Halpern v. Board of Education,196 Conn. 647, 652 (1985). "Although a motion to dismiss is the proper vehicle to raise the issue of a prior pending action, the doctrine does not truly implicate subject matter jurisdiction."Gaudio v. Gaudio, 23 Conn. App. 287, 294, 580 A.2d 1212, cert. denied, 217 Conn. 803, 584 A.2d 471 (1990).
One of the requirements for the application of the prior pending action doctrine is that there be "two separate lawsuits." The first action that the plaintiffs brought, by the defendant's own admission, was "terminated and concluded by an Order of Nonsuit." "An order of nonsuit terminates an action when it is issued . . . ." (Citation omitted.) Osborne v. Osborne,2 Conn. App. 635, 638 (1984).
A party may move to set aside a nonsuit if it does so within four months following the date on which the nonsuit was rendered. Section 52-212a of the General Statutes; Sec. 377 of the Practice Book; (a "decree rendered in the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months following the date on which it was rendered or passed . . ."). The plaintiffs did not, however, file a motion to set aside the nonsuit in the earlier action. Therefore, the earlier action was terminated and the nonsuit can no longer be opened.
As the plaintiffs state in their memorandum of law in objection to the motion to dismiss, their "only recourse was to bring the instant action." "Indeed, when the plaintiff is nonsuited, that does not necessarily put an end to the substantive issues raised. The plaintiff may, in fact, institute a new action." Biro v. Hill, 231 Conn. 462, 469 (1994), citing Sec. 52-592 of the General Statutes. Section 52-592 (a) of the General Statutes provides in pertinent part: "[i]f any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because . . . a judgment of nonsuit has been rendered . . . the plaintiff . . may commence a new action . . . for the same cause at any time within one year after the determination of the original action . . . ." This CT Page 417 proceeding, which was filed on August 14, 1996, was commenced within one year of the nonsuit in the previous action entered on January 30, 1996. Therefore, the plaintiffs have complied with Sec. 52-592.
The present action is the only one currently pending between the parties addressing the title rights to the plaintiffs' land. As such, the prior pending action doctrine is inapplicable, and the defendant's motion to dismiss is, accordingly, denied.
Moraghan, J.