MARK NELSON, ADMINISTRATOR (ESTATE OF
PARISE NELSON), ET AL. *v.* HOUSING AUTH-
ORITY OF THE CITY OF HARTFORD
(AC 19817)

Schaller, Zarella and Dranginis, Js.

Argued December 8, 2000—officially released April 24, 2001

*David K. Jaffe*, with whom was *Arnold L. Beizer*, for the appellants (plaintiffs).

*Robert J. Flanagan, Jr.*, for the appellee (defendant).

*Opinion*

SCHALLER, J. The plaintiffs[1] appeal, challenging the action of the trial court denying their motion to set aside a judgment of nonsuit that previously had been rendered against them. On appeal, the plaintiffs claim that the court improperly granted the defendant's motions for a nonsuit on March 6, 1997, because the plaintiffs failed to revise their complaint and to comply with the defendant's written discovery requests. The plaintiffs also claim that the court improperly denied their March 10, 1999 motion to set aside the judgment of nonsuit and failed to hear argument or to allow them to present evidence on their motion to set aside the nonsuit and, that the trial judge failed to recuse himself from action on their motion to reconsider. We agree with the plaintiffs' claims challenging the granting of the motions for nonsuit, and because those claims are dispositive of the appeal, we reverse the judgment of the trial court without addressing the remaining claims.

The following facts and procedural history are relevant to our disposition of the appeal. This negligence action arises out of a fatal apartment fire that occurred in Hartford on April 9, 1994. The present action, the second brought in connection with the incident,[2] was made returnable on March 26, 1996. On July 17, 1996, the defendant housing authority of the city of Hartford filed a request to revise the amended complaint, which

---

[1] The plaintiff Mark Nelson brought claims individually and as the administrator of the estate of his minor daughter, Parise Nelson. The deceased minor's mother, Tracie Keaton, is also a plaintiff in this action.

[2] The action was originally commenced in May, 1995, but the court dismissed that action because the plaintiffs did not comply with written discovery requests. Subsequently, the plaintiffs refiled the action.

had been filed on April 8, 1996. On September 25, 1996, the defendant filed three motions for nonsuit, two for failing to comply with written discovery requests that had been filed on July 17, 1996, and the third for failing to revise the amended complaint.

The plaintiffs filed their revised complaint on February 28, 1997. They also filed on that date a notice of objection to the defendant's motion for nonsuit for failing to revise the amended complaint and attached an unsigned copy of the revised complaint to the notice of objection. On March 4, 1997, the plaintiffs complied with all of the defendant's outstanding discovery requests. They filed their responses with the court clerk on that date.

Thereafter, on March 6, 1997, the court granted the three motions for nonsuit. In ruling on the motion for nonsuit for failure to revise the amended complaint, the court indicated that the plaintiffs had failed to file a revised complaint because the complaint attached to the plaintiffs' objection was not properly executed and certified to counsel. The court file, however, contained a properly executed and certified revised complaint, and counsel for the defendant received a copy of the revised complaint prior to the granting of the motion for nonsuit. In addition, the court file contained the relevant discovery compliances, which were date stamped by the clerk as having been received on March 4, 1997.

The plaintiffs filed a motion on March 10, 1999, to set aside the judgment of nonsuit and requested oral argument on the motion. The defendant filed an objection to the motion and also requested oral argument. On May 4, 1999, the court denied the motion to set aside without hearing oral argument. The plaintiffs thereafter filed a motion to reconsider dated June 10, 1999, in which they asked the trial judge to recuse himself from

hearing the motion to reconsider. They also requested oral argument on the motion. The court denied the motion on June 29, 1999, without hearing oral argument. This appeal followed.

I

The plaintiffs claim first that the court improperly rendered the judgment of nonsuit against them for failing to revise their amended complaint. According to the plaintiffs, the court failed to note that the court file did contain a properly executed and certified revised complaint, and that counsel for the defendant had received a copy of the revised complaint prior to the nonsuit being rendered. We agree.

Pursuant to Practice Book § 13-14, a trial court has the "discretion to impose appropriate sanctions for the failure to comply with discovery requests 'as the ends of justice require.'[3] The factors to be considered by the

---

[3] Practice Book § 13-14 provides: "(a) If any party has failed to answer interrogatories or to answer them fairly, or has intentionally answered them falsely or in a manner calculated to mislead, or has failed to respond to requests for production or for disclosure of the existence and contents of an insurance policy or the limits thereof, or has failed to submit to a physical or mental examination, or has failed to comply with a discovery order made pursuant to Section 13-13, or has failed to comply with the provisions of Section 13-15, or has failed to appear and testify at a deposition duly noticed pursuant to this chapter, or has failed otherwise substantially to comply with any other discovery order made pursuant to Sections 13-6 through 13-11, the judicial authority may, on motion, make such order as the ends of justice require.

"(b) Such orders may include the following:

"(1) The entry of a nonsuit or default against the party failing to comply;

"(2) The award to the discovering party of the costs of the motion, including a reasonable attorney's fee;

"(3) The entry of an order that the matters regarding which the discovery was sought or other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

"(4) The entry of an order prohibiting the party who has failed to comply from introducing designated matters in evidence;

"(5) If the party failing to comply is the plaintiff, the entry of a judgment of dismissal.

court include: (1) whether noncompliance was caused by inability, rather than wilfulness, bad faith or other fault; (2) whether and to what extent noncompliance caused prejudice to the other party, including the importance of the information sought to that party's case; and (3) which sanction would, under the circumstances of the case, be an appropriate judicial response to the noncomplying party's conduct." *Biro* v. *Hill*, 231 Conn. 462, 464–65, 650 A.2d 541 (1994). We note that all of these factors are based on the premise that the party, in fact, did not comply. In addition, we note that although a nonsuit is a permissible sanction for the trial court to impose, such a sanction "is a drastic remedy and should be considered only as a last resort." Id., 468 (*Berdon, J.*, concurring).

On appeal, we review a trial court's decision regarding sanctions under an abuse of discretion standard. "[T]he ultimate issue for us is whether the trial court could have reasonably concluded as it did." Id., 465. With these principles in mind, we turn to the facts of the present case.

The record reveals that the court could not reasonably have concluded as it did because the plaintiffs actually complied with the order by properly filing a revised complaint. In rendering the judgment of nonsuit for failure to revise the amended complaint, the court improperly relied on the copy of an unsigned and uncertified complaint that was attached to the plaintiffs' objection. The court overlooked the properly executed and certified revised complaint that had been filed prior to the nonsuit being rendered. Under these circumstances, we conclude that the court abused its discretion in rendering the judgment of nonsuit against the plaintiffs for failure to revise their amended complaint.

"(c) The failure to comply as described in this section may not be excused on the ground that the discovery is objectionable unless written objection as authorized by Sections 13-6 through 13-11 has been filed."

## II

The plaintiffs' second claim is that the court improperly rendered the judgment of nonsuit against them for failing to comply with the defendant's written discovery requests. The plaintiffs argue, as with their first claim, that they, in fact, complied with the discovery requests prior to the nonsuit's being rendered.

As discussed in part I of this opinion, the decision of whether to impose sanctions is a matter within the discretion of the trial court. We reiterate that appellate review of such a decision is governed by an abuse of discretion standard and that "[t]he ultimate issue for us is whether the trial court could have reasonably concluded as it did." Id., 465.

After reviewing the record, we conclude that the court could not reasonably have found as it did. The defendant agrees, as it must, that the plaintiffs, in fact, complied with the discovery requests prior to the granting of the motions for nonsuit. The file contains both discovery compliances, which are date stamped by the clerk as having been received on March 4, 1997. As with the first claim, the court failed to take into account the discovery compliances. We conclude, therefore, that the court abused its discretion in rendering the judgment of nonsuit against the plaintiffs for failure to comply with the discovery requests.

The judgment is reversed and the case is remanded for further proceedings.

In this opinion the other judges concurred.