MICHAEL BARIS *v.* SOUTHBEND, INC.
(AC 21115)

Schaller, Mihalakos and Daly, Js.

Argued October 22, 2001—officially released March 5, 2002

*James D. Diamond,* for the appellant (plaintiff).

*Thomas F. Kelsey,* for the appellee (defendant).

*Opinion*

MIHALAKOS, J. Following the commencement of this negligence action by the plaintiff, Michael Baris, against the defendant company, Southbend, Inc., the trial court rendered judgment of nonsuit and dismissal against the plaintiff.[1] The plaintiff challenges the subsequent denial of his motion for reargument and reconsideration of the judgment of nonsuit. The plaintiff claims on appeal that the court (1) prejudiced him with confusing actions and contradictory rulings, (2) set aside the judgment

---

[1] The plaintiff's action for damages was based on allegations that, during the course of his employment, he suffered psychological distress, scarring and severe burns to his legs, feet and left hand from hot water that spilled from a defective convection steamer manufactured by the defendant.

of dismissal as to the plaintiff when it granted an intervening plaintiff's motion to open the judgment of dismissal, (3) improperly denied his motion to set aside the judgment of nonsuit and (4) improperly denied his motion for reargument and reconsideration. We affirm the judgment of the trial court.

The record reveals the following relevant facts and procedural history. The plaintiff commenced this action on January 14, 1997. On April 18, 1997, the defendant served a discovery request on the plaintiff. On April 28, 1997, the plaintiff filed a motion seeking an extension of time of thirty days to respond to the discovery request.[2] Meanwhile, on June 3, 1997, the plaintiff's employer, Connecticut Health Facilities, Inc. (intervening plaintiff), filed a motion to intervene in the action along with a complaint against the defendant seeking to recover $25,916, which the intervening plaintiff had paid in workers' compensation benefits to the plaintiff. The court granted the motion to intervene on December 1, 1997.

On August 1, 1997, the defendant filed a motion for a judgment of nonsuit against the plaintiff. On March 23, 1998, the court granted the motion and rendered a judgment of nonsuit against the plaintiff for failure to answer the discovery request. On June 19, 1998, the court dismissed the case, pursuant to its dormancy policy and Practice Book § 14-3,[3] for failure to prosecute the action with reasonable diligence. Notice of the dormancy dismissal issued on August 25, 1998, and specified that a motion to open the judgment of dismissal could be filed within four months of the date of notice.

---

[2] The extension of time lapsed with no response from the plaintiff.

[3] Practice Book § 14-3 (a) provides in relevant part: "If a party shall fail to prosecute an action with reasonable diligence, the judicial authority may . . . on its own motion, render a judgment dismissing the action with costs. . . ."

The plaintiff did not file such a motion within the time limitation.

Previously, however, on July 17, 1998, the plaintiff had filed a notice indicating that he had complied with the defendant's one year old discovery request. At the same time, the plaintiff also timely filed a motion to open the judgment of nonsuit. In that motion, he argued that the judgment should be opened because the information sought by the discovery request had been unavailable and that he obtained it recently and responded accordingly. On August 17, 1998, the court denied that motion.

On September 23, 1998, the intervening plaintiff filed a motion to open the judgment of dismissal. In its motion, the intervening plaintiff sought specifically to proceed alone against the defendant, arguing that it had an independent cause of action even in the absence of the nonsuited plaintiff. The court granted the motion on October 13, 1998, opening the case as between the defendant and the intervening plaintiff. Notice of the ruling issued on October 20, 1998.

From November, 1998, until June, 2000, the plaintiff and the defendant engaged each other and the court in procedural wrangling over the plaintiff's status in the underlying action. Two proceedings highlight the morass of filings that ensued during this time. First, on October 16, 1999, the plaintiff, in an objection to the defendant's motion for order, argued that the December 1, 1997 ruling, which opened the judgment of dismissal as to the intervening plaintiff, also applied to him. The court denied the defendant's motion on October 25, 1999, refusing to issue an advisory opinion on the plaintiff's status. Second, on January 10, 2000, the court ruled against the plaintiff in another round of competing motions regarding discovery requests and noted that

the plaintiff's case had been nonsuited on March 23, 1998. Notice of this order issued on January 13, 2000.

On June 28, 2000, more than two years after the judgment of nonsuit, the plaintiff filed a motion requesting that the court delineate its findings of fact in support of its judgment of nonsuit and its denial of his motion to open that judgment. The plaintiff also filed a motion to set aside the judgment of dismissal and a motion for reargument and reconsideration of the judgment of nonsuit and the denial of his motion to open that judgment. On July 5, 2000, the defendant objected to the latter two motions, arguing that both were filed untimely. On July 17, 2000, the court effectively denied all three of the plaintiff's motions when it sustained the defendant's objection and denied the plaintiff's motion for reargument and reconsideration.[4] On August 9, 2000, the plaintiff appealed.

I

The plaintiff first contends that the court prejudiced him with confusing actions and contradictory rulings, which led him to believe that he was still an active party in the underlying action. We decline to address this claim. "[F]or this court judiciously and efficiently to consider claims of error raised on appeal . . . the parties must clearly and fully set forth their arguments in their briefs. We do not reverse the judgment of a trial court on the basis of challenges to its rulings that have not been adequately briefed. . . . The parties may not merely cite a legal principle without analyzing the relationship between the facts of the case and the law cited. . . . [A]ssignments of error which are merely mentioned but not briefed beyond a statement of the claim will be deemed abandoned and will not be

---

[4] The plaintiff states in his brief that all three motions were denied eventually but he does not disclose when and the dates do not appear clearly in the record.

reviewed by this court. . . . Where the parties cite no law and provide no analysis of their claims, we do not review such claims." (Citations omitted; internal quotation marks omitted.) *Strobel* v. *Strobel*, 64 Conn. App. 614, 623, 781 A.2d 356, cert. denied, 258 Conn. 937, 786 A.2d 426 (2001). Here, the plaintiff makes only the bare assertion that the court caused confusion, but he cites no legal authority relevant to or supporting the claim and fails to analyze the relationship of the law that he does cite with the facts of the case. We decline, therefore, to review this claim and deem it abandoned.[5]

## II

The plaintiff next argues that the court, in granting the intervening plaintiff's motion to open the judgment of dismissal, also set aside the judgment of dismissal as to the plaintiff. In support of this assertion, the plaintiff contends that when the court opened the judgment of dismissal it failed to state specifically to which parties its ruling applied. The plaintiff argues that as a result, he was misled by the court into believing that he was again an active party in the case. This claim is simply without merit.

The court dismissed the plaintiff's case on June 19, 1998, and issued notice of the dismissal on August 25, 1998, which instructed the plaintiff that he could file a motion to open the judgment of dismissal within four months of the date of notice. The plaintiff failed to file such a motion. Subsequently, the intervening plaintiff filed a motion to open the judgment of dismissal. That motion requested solely and specifically, however, that the court open the judgment as to the intervening plaintiff so that it could pursue its independent cause of

---

[5] Even if we were to consider the plaintiff's "confusion" claim, the record clearly indicates that he was no longer a party to this case after the court rendered its judgment of nonsuit. Thus, the allegedly confusing events, all of which occurred after the judgment of nonsuit, were irrelevant.

action against the defendant, *even in the absence of the plaintiff as a party*. The intervening plaintiff's motion also noted particularly that the pleadings with regard to the plaintiff were closed "by virtue of the court's having granted against said plaintiff a motion for nonsuit."

Moreover, the plaintiff cites no authority supporting his assertion other than to state that courts have the inherent power to open judgments.[6] It does not follow here that the court opened the judgment as to the plaintiff simply because it would have had that power if the plaintiff had filed a proper motion. See Practice Book § 17-4.[7] Similarly, the court's exercise of discretion in favor of the intervening plaintiff as to its timely filed motion to open the judgment of dismissal did not open the judgment as to the plaintiff just because the plaintiff desired it to have that effect. Thus, on this record, it is specious to claim that the court opened the judgment of dismissal as to the plaintiff, and we can find no authority that would suggest otherwise. We conclude, therefore, that the plaintiff's claim is baseless and of no avail.

### III

The plaintiff next contends that the court improperly denied his timely motion to set aside the judgment of

---

[6] For this proposition, the plaintiff relies accurately on *Steve Viglione Sheet Metal Co.* v. *Sakonchick*, 190 Conn. 707, 462 A.2d 1037 (1983). In that case, our Supreme Court stated: "Courts have an inherent power to open, correct and modify judgments. . . . A civil judgment of the Superior Court may be opened if a motion to open or set aside is filed within four months of the issuance of judgment. . . . While such a motion should not be readily granted nor without strong reasons, it ought to be when there appears cause for which the court acting reasonably would feel bound in duty so to do." (Citations omitted; internal quotation marks omitted.) Id., 710–11.

[7] Practice Book § 17-4 (a) provides in relevant part: "Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, any civil judgment or decree rendered in the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months succeeding the date on which notice was sent. . . ."

nonsuit. In support of this claim, the plaintiff points to the fact that he complied fully with the defendant's year old discovery request and notified the court of that compliance. The plaintiff submits that he showed the court reasonable cause for his delay because he claimed in his motion that the information necessary for him to comply with the discovery request was not available to him earlier. The plaintiff further claims that the judgment of nonsuit was an unduly harsh result and an abuse of the court's discretion, especially in light of the facts that he complied with the discovery request and the court had less harsh remedies available even if he had not complied. The plaintiff's claim is without merit.

The plaintiff's motion to set aside the judgment of nonsuit was subject to the requirements of General Statutes § 52-212[8] and Practice Book § 17-43, which substantially follows the language of the statute. See *Biro* v. *Hill*, 231 Conn. 462, 466, 650 A.2d 541 (1994); *McLaughlin* v. *Smoron*, 62 Conn. App. 367, 372, 771 A.2d 201 (2001). To fulfill these requirements, a "plaintiff must establish that a good cause of action, the nature of which must be set forth, existed when the judgment of nonsuit was rendered, and that the plaintiff was prevented from prosecuting it because of mistake, accident or other reasonable cause. . . . In ruling on a motion to open a judgment of nonsuit, the trial court must

---

[8] General Statutes § 52-212 provides in relevant part: "(a) Any judgment rendered . . . upon a default or nonsuit in the Superior Court may be set aside within four months following the date on which it was rendered or passed, and the case reinstated on the docket . . . upon the complaint or written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of the judgment . . . and that the plaintiff or defendant was prevented by mistake, accident or other reasonable cause from prosecuting the action or making the defense.

"(b) The complaint or written motion shall be verified by the oath of the complainant or his attorney, shall state in general terms the nature of the claim or defense and shall particularly set forth the reason why the plaintiff or defendant failed to appear. . . ."

exercise sound judicial discretion, which will not be disturbed on appeal unless there was an abuse of discretion. . . . In reviewing the trial court's exercise of its discretion, we make every presumption in favor of its action." (Citations omitted.) *Biro* v. *Hill*, supra, 467–68.

The plaintiff did not comply with the statutory mandates and the rules of practice in his motion. The plaintiff failed to have his motion verified under oath by himself or his attorney, neglected to state the nature of his action and ignored his obligation to present his reason for the delay with any degree of particularity. We have held that a court may decline to grant a motion to set aside a judgment of nonsuit that fails to conform to the requirements of § 52-212 or Practice Book § 17-43. See *Bufferd* v. *Yost*, 51 Conn. App. 1, 3–4, 719 A.2d 487 (1998). In addition, even if we assumed that the court could have imposed less harsh remedies on the plaintiff, "[o]ur role as an appellate court is not to substitute our judgment for that of a trial court that has chosen one of many reasonable alternatives." (Internal quotation marks omitted.) *Hartford* v. *Pan Pacific Development (Connecticut), Inc.*, 61 Conn. App. 481, 487, 764 A.2d 1273, cert. denied, 256 Conn. 913, 772 A.2d 1126 (2001). Accordingly, we conclude that the court acted reasonably and did not abuse its discretion in denying the plaintiff's motion.

IV

The plaintiff's final claim is that the court committed a miscarriage of justice when it denied his motion for reargument and reconsideration because the judgment of nonsuit was an overly harsh remedy for his failure to comply with discovery and because the court's actions and rulings were misleading. We disagree.

"Our standard of review regarding challenges to a trial court's ruling on a motion for reconsideration is abuse of discretion." (Internal quotation marks omit-

ted.) Id. Furthermore, "[a]s with any discretionary action of the trial court, appellate review requires every reasonable presumption in favor of the action, and the ultimate issue for us is whether the trial court could have reasonably concluded as it did." *Biro* v. *Hill*, supra, 231 Conn. 465. In addition, where a motion is addressed to the discretion of the court, the burden of proving an abuse of that discretion rests with the appellant. See *Allstate Ins. Co.* v. *Link*, 35 Conn. App. 338, 345, 645 A.2d 1052, cert. denied, 231 Conn. 924, 648 A.2d 161 (1994).

The plaintiff argued in his motion for reconsideration that he still had a good cause of action because the court set aside the judgment of dismissal as to the plaintiff when it opened that judgment as to the intervening plaintiff. As discussed in part II of this opinion, this argument is of no avail to the plaintiff. Moreover, as discussed in part III of this opinion, the court reasonably imposed its judgment of nonsuit against the plaintiff. Furthermore, to the extent that in his motion for reconsideration the plaintiff made the same claims to the court regarding his compliance with the defendant's discovery request as he made in his motion to open the judgment of nonsuit, we see nothing that would warrant the court's opening of the judgment. See *Taylor* v. *Taylor*, 57 Conn. App. 528, 534, 752 A.2d 1113 (2000). Consequently, we conclude that the plaintiff's claim fails because he has not met his burden of proving that the court abused its discretion in denying his motion. See *Allstate Ins. Co.* v. *Link*, supra, 35 Conn. App. 345. The court did not, therefore, perpetrate a miscarriage of justice; rather, it served justice in accordance with its function.

The judgment is affirmed.

In this opinion the other judges concurred.