## TREVOR CONWAY *v.* CITY OF HARTFORD ET AL.
### (AC 20084)

Lavery, C. J., and Foti and O'Connell, Js.

Submitted on briefs September 15—officially released November 7, 2000

*Katrena Engstrom* filed a brief for the appellant (plaintiff).

*Sheila A. Huddleston* and *Linda L. Yoder* filed a brief for the appellees (defendants).

*Opinion*

PER CURIAM. The plaintiff, Trevor Conway, appeals from the trial court's denial of his motion to open a judgment of nonsuit. The plaintiff claims that the court improperly denied his motion to open the judgment pursuant to General Statutes § 52-212 (a)[1] and Practice

---

[1] General Statutes § 52-212 (a) provides: "Any judgment rendered or decree passed upon a default or nonsuit in the Superior Court may be set aside, within four months following the date on which it was rendered or passed, and the case reinstated on the docket, on such terms in respect to costs as the court deems reasonable, upon the complaint or written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of the judgment or the passage of the decree, and that the plaintiff or defendant was prevented by mistake, accident or other reasonable cause from prosecuting the action or making the defense."

Book § 17-43.[2] We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our consideration of this appeal. The plaintiff, Trevor Conway, was employed by the defendant city of Hartford (city) from 1984 to 1993, when he was laid off. The plaintiff is a transsexual. When hired by the city, the plaintiff was a woman, Tracey Conway. The plaintiff legally changed his name in November, 1990, to Trevor Conway and received major surgical treatment from April 15, 1991, until September 27, 1991. He is now a man.

On August 17, 1993, the plaintiff filed a complaint with the commission on human rights and opportunities against the city and his supervisor, James Paradiso, who also is a defendant in this action. The plaintiff claimed that they had violated rights guaranteed to him by General Statutes §§ 46a-60 (a) (1) and (5), and 46a-81c. On July 18, 1995, the plaintiff obtained a release of jurisdiction from the commission on human rights and opportunities.

On August 22, 1995, the plaintiff commenced the current action in the Superior Court for the judicial district of Hartford. The plaintiff alleged that the defendants had discriminated against him because of his sex change, his mental disorder of gender dysphoria and his sexual orientation.

In March, 1997, the defendants served the plaintiff with interrogatories and requests for documents. The

---

[2] Practice Book § 17-43 (a) provides in relevant part: "Any judgment rendered or decree passed upon a default or nonsuit may be set aside within four months succeeding the date on which notice was sent, and the case reinstated on the docket on such terms in respect to costs as the judicial authority deems reasonable, upon the written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of such judgment or the passage of such decree, and that the plaintiff or the defendant was prevented by mistake, accident or other reasonable cause from prosecuting or appearing to make the same. . . ."

plaintiff neither objected to nor responded to any of the defendants' interrogatories and document requests. On January 27, 1998, the court, *Teller*, *J.*, entered a scheduling order requiring that all written discovery requests and responses be completed by March 31, 1998, with any supplemental discovery to be completed by April 30, 1998. On March 13, 1998, the plaintiff answered the interrogatories and produced a number of documents.

On January 5, 1999, the defendants commenced a deposition of the plaintiff. During the deposition, the defendants discovered that the plaintiff had notes related to the litigation. The defendants' counsel then requested that the plaintiff produce all responsive supplemental documents prior to the continuation of the deposition on March 2, 1999, and the plaintiff's counsel agreed to do so. On March 2, 1999, another deposition of the plaintiff was convened. The plaintiff again failed to produce the requested documents, and the defendants' counsel thereafter adjourned the deposition and indicated that they would go to court with a motion to compel and for sanctions.

On May 5, 1999, the defendants filed a motion to dismiss the plaintiff's action due to the plaintiff's repeated failure to comply with discovery requests. On May 11, 1999, counsel for the parties appeared before the court, *Berger*, *J.*, for a trial management conference. At that time, the plaintiff produced a stack of documents four feet high in response to the defendants' earlier discovery requests. The court heard argument at that time on the defendants' motion to dismiss. The court then rendered a judgment of nonsuit, stating: "[T]o put another party at such a disadvantage, to do it so intentionally, to violate court order after court order after court order and to violate agreements, to violate the basic principles of fairness of litigation requires this action."

The plaintiff did not appeal from the judgment of nonsuit. On August 24, 1999, the plaintiff filed a motion to open that judgment. On September 13, 1999, the court, *Berger, J.*, denied the plaintiff's motion without a written or oral memorandum of decision. The plaintiff did not seek an articulation of the court's decision. This appeal followed.

I

The plaintiff claims that the court improperly denied his motion to open the judgment of nonsuit pursuant to § 52-212 and Practice Book § 17-43. "The power of a court to set aside a nonsuit judgment is controlled by § 52-212. *Pantlin & Chananie Development Corporation* v. *Hartford Cement & Bldg. Supply Co.*, 196 Conn. 233, 234–35, 492 A.2d 159 (1985); *Eastern Elevator Co.* v. *Scalzi*, 193 Conn. 128, 131, 474 A.2d 456 (1984); *Jaquith* v. *Revson*, 159 Conn. 427, 431, 270 A.2d 559 (1970). The statute provides that any judgment rendered upon a nonsuit may be set aside upon the complaint or written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action in whole or in part existed at the time of the rendition of the judgment and that the plaintiff was prevented by mistake, accident or other reasonable cause from prosecuting the action. It is thus clear that there is a two-pronged test for setting aside a judgment rendered after a nonsuit. *Eastern Elevator Co.* v. *Scalzi*, supra [131]. There must be a showing (1) that a good cause of action, the nature of which must be set forth, existed at the time judgment was rendered, and (2) that the plaintiff was prevented from prosecuting the action because of mistake, accident or other reasonable cause. General Statutes § 52-212; Practice Book § 377 [now § 17-43]; *Pantlin & Chananie Development Corp.* v. *Hartford Cement & Bldg. Supply Co.*, supra, 235." *Jaconski* v. *AMF, Inc.*, 208 Conn. 230, 237, 543 A.2d 728 (1988).

In *Jaconski* v. *AMF, Inc.*, supra, 208 Conn. 237–38, citing *Eastern Elevator Co.* v. *Scalzi*, supra, 193 Conn. 131–32, our Supreme Court reiterated that "in granting or denying a motion to open a judgment, the trial court is required to exercise a sound judicial discretion and its decision will be set aside only for an abuse of such discretion. We noted in *Jaquith* v. *Revson*, supra, [159 Conn. 431–32] that the denial of a motion to set aside a nonsuit should not be held to be an abuse of discretion in any case in which it appears that a plaintiff has not been prevented from prosecuting the claim by mistake, accident or other reasonable cause. Further, we have long held that negligence is no ground for vacating a judgment, and that the denial of a motion to open a nonsuit judgment should not be held an abuse of discretion where the failure to prosecute the claim was the result of negligence. *People's Bank* v. *Horesco*, 205 Conn. 319, 323–24, 533 A.2d 850 (1987); *Jaquith* v. *Revson*, supra, 432; *Automotive Twins, Inc.* v. *Klein*, 138 Conn. 28, 34, 82 A.2d 146 (1951)."

At the time that the judgment of nonsuit was rendered in the present case, the court made the specific finding that the failure of the plaintiff to comply with discovery requests and his act of tendering a stack of documents four feet high at the trial management conference was due to the plaintiff's intentional withholding of documents. The court determined that the plaintiff's noncompliance was intentional rather than the product of a psychiatric disability. That determination is supported by the evidence. The plaintiff's actions therefore were not due to any accident, mistake or other reasonable grounds. Because the court denied the motion to open without a written or oral memorandum of decision, and because the plaintiff did not seek an articulation pursuant to Practice Book § 66-5, we have an inadequate record before us and therefore do not make any further

inquiry. See *Bank of Boston Connecticut* v. *Schlesinger*, 220 Conn. 152, 154 n.2, 595 A.2d 872 (1991).

## II

The plaintiff next claims that the judgment of nonsuit was disproportionately harsh as a sanction under the circumstances presented to the court. "On appeal from a denial of a motion to open a judgment where there has been no appeal from the underlying judgment, the good cause required to open that judgment cannot involve the merits of the judgment because that would require a resolution of the same question that would have been resolved had the appellant timely appealed from the judgment and would, in effect, extend the time to appeal. See *Farmers & Mechanics Savings Bank* v. *Sullivan*, 216 Conn. 341, 356, 579 A.2d 1054 (1990). When a motion to open is filed more than twenty days after the judgment, the appeal from the denial of that motion can test only whether the trial court abused its discretion in failing to open the judgment and not the propriety of the merits of the underlying judgment." *Altberg* v. *Paul Kovacs Tire Shop, Inc.*, 31 Conn. App. 634, 639–40, 626 A.2d 804 (1993).

The plaintiff in this case did not appeal from the judgment of nonsuit but, rather, appealed from the denial of his motion to open a judgment of nonsuit. As such, this court will not review the plaintiff's claim that the trial court's sanctions were disproportionately harsh because that question concerns the merits of the underlying judgment of nonsuit.

The judgment is affirmed.