[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO OPEN JUDGMENT OF NONSUIT
This case arises due to a continuing failure of the plaintiff to comply with disclosure. On May 29, 2001, the plaintiff, Carol Conrad, filed a complaint against the defendant, Stop Shop Companies, alleging that she suffered injuries as a result of slipping and falling on Jello that had been dropped on the floor of the defendant's premises. The defendant immediately appeared and filed a motion for disclosure and production. On July 24, 2001, the plaintiff filed a motion for extension of time for thirty days to respond to discovery requests.
On November 29, 2001, the defendant sent a letter to the plaintiff's counsel seeking medical records concerning prior conditions of the plaintiff and enclosing letters of authorization for the plaintiff to sign. On December 21, 2001, the defendant, having not received the requested discovery, filed a motion to compel the plaintiff to produce the authorizations for the release of the plaintiff's medical records. On January 8, 2002, the court ordered the plaintiff to provide all medical records of pre-existing conditions within sixty days (Kocay, J.). The plaintiff failed to comply with this order and on March 18, 2002, the defendant filed a motion for nonsuit for failure to comply with a discovery order.
On April 29, 2002, the court heard argument on the defendant's motion for nonsuit.[1] After hearing argument, the court issued a second order compelling the plaintiff to produce the authorizations. The order states in relevant part, "plaintiff is directed to sign authorizations for release of medical records and return them to defendant's counsel within 30 days. If plaintiff does not comply, nonsuit is granted."
The plaintiff did not comply with this second order; rather, on May 24, 2002, the plaintiff filed a motion to reargue the defendant's motion for nonsuit for failure to comply with a discovery order. On July 22, 2002, the court denied this motion because the plaintiff sought to limit CT Page 742 discovery with a motion to reargue rather than a motion for a protective order and further because the plaintiff had failed to comply with two court orders directing her to produce the authorizations. On August 5, 2002, the chief clerk, pursuant to the court's April 29, 2002 order, entered a judgment of nonsuit and closed the file.
On September 27, 2002, the plaintiff filed a motion to open the judgment of nonsuit with a supporting memorandum. In support of the motion, the plaintiff also submitted an affidavit in which she stated that she received the medical authorization forms in early August but that they had been damaged in the mail. In addition, the plaintiff submitted a letter from the plaintiff's counsel, addressed to the defendant's counsel, dated September 23, 2002, and containing the signed authorizations. The defendant objected to the plaintiff's motion on October 4, 2002.
 LAW
"The power of a court to set aside a nonsuit judgment is controlled by § 52-212."[2] (Internal quotation marks omitted.) Conway v.Hartford, 60 Conn. App. 630, 633, 760 A.2d 974 (2000). Pursuant to this statute, there is a two-pronged test for setting aside a judgment rendered after a nonsuit. "There must be a showing (1) that a good cause of action, the nature of which must be set forth, existed at the time judgment was rendered, and (2) that the plaintiff was prevented from prosecuting the action because of mistake, accident or other reasonable cause." Id. "In ruling on a motion to open a judgment of nonsuit, the trial court must exercise sound judicial discretion. . . ." Biro v.Hill, 231 Conn. 462, 467-68, 650 A.2d 541 (1994).
Accordingly, the court will only set aside the judgment of nonsuit if the plaintiff has demonstrated these two requirements. With respect to the second requirement, "the denial of a motion to open a nonsuit judgment should not be held an abuse of discretion where the failure to prosecute the claim was the result of negligence." Conway v. Hartford, supra, 60 Conn. App. 634 (finding that the trial court did not abuse its discretion after granting a nonsuit on the grounds that the plaintiff's repeated failure to comply with discovery requests, multiple court orders, and intentional efforts to put defendant at a disadvantage constituted negligence and not mistake or other reasonable cause); see also Jaconski v. AMF, Inc., 208 Conn. 230, 237, 543 A.2d 728 (1988) ("The trial court made the specific finding that the failure of the plaintiffs to file the revised complaint was due to their negligence, and not to any accident, mistake or other reasonable cause. This finding was well within the trial court's discretion. "). CT Page 743
The plaintiff, in her memorandum of law in support of her motion, argues that the judgment of nonsuit should be set aside because she has complied with the requirements of General Statutes § 52-212. Specifically, she argues that her motion is timely, that she suffers prejudice having viable claims when the nonsuit was entered, that the court did not give her ample time to respond, and that the destruction of the medical authorizations in the mail constitutes mistake, accident, or other reasonable cause. The plaintiff also argues that the court's judgment of nonsuit was the result of ex parte communication between the court and the defendant's counsel.[3]
The court finds that the plaintiff has failed to fulfill a fundamental requirement of General Statutes § 52-212, namely, that the plaintiff was prevented from prosecuting her cause of action because of mistake, accident or other reasonable cause. The judgment of nonsuit was entered following the plaintiff's repeated failure to comply with discovery requests and court orders, and not because of any accident, mistake or other reasonable cause.
The defendant first requested discovery over fourteen months prior to actual disclosure of the authorizations, as evidenced by the plaintiff's July 24, 2001 motion for extension of time. Further, the defendant specifically requested the medical authorizations nearly eleven months prior to actual disclosure, as evidenced by the defendant's November 29, 2001 letter, attached to the defendant's December 21, 2001 motion to compel. More importantly, the plaintiff failed to comply with two court orders directing her to sign authorizations for the release of medical records. The first order was issued over eight months prior to actual disclosure of the authorizations and the second order was issued nearly five months prior to actual disclosure and cautioned the plaintiff that a judgment of nonsuit would be entered if the plaintiff did not comply within thirty days.
The court finds that the plaintiff's motion to reargue, dated May 24, 2002, did not excuse her noncompliance with the court's April 29, 2002 order mandating disclosure. Moreover, even if the court were to entertain the idea that this motion did excuse her noncompliance as of July 22, 2002, the date of the court's ruling on the motion, the plaintiff's arguments and explanations as to the subsequent noncompliance do not sufficiently demonstrate that the plaintiff was prevented from prosecuting her cause of action because of mistake, accident or other reasonable cause. The plaintiff's affidavit indicates that the plaintiff's daughter informed her counsel on August 2, 2002, that the authorizations had been damaged in the mail. Thus, the September 23, 2002 CT Page 744 letter from plaintiff's counsel containing the signed authorizations was dated fifty two days after the plaintiff's counsel was informed of the damage on August 2, and sixty three days after the court ruled on the plaintiff's motion to reargue, clearly well beyond the thirty day window mandated by the court's order.
The record in this case demonstrates that the plaintiff was afforded ample opportunity to comply with the defendant's request and was given adequate notice that noncompliance would result in a judgment of nonsuit. Despite this, she continually defied the defendant's requests and the court's orders. As such, the plaintiff's failure to comply was the result of her own dilatory conduct and the basic principles of fairness of litigation requires the court's action. See Conway v.Hartford, supra, 60 Conn. App. 632.
Accordingly, the plaintiff's motion to open the judgment of nonsuit is
Foley, J.