LINA KUNG ET AL. *v.* CHARLES DENG ET AL.
(AC 33431)

Gruendel, Beach and Schaller, Js.

Argued March 19—officially released May 29, 2012

*Marc J. Ubaldi,* for the appellants (plaintiffs).

*Daniel J. Krisch,* with whom were *Coleman C. Duncan* and, on the brief, *Sandra M. Bevans,* for the appellee (named defendant).

### Opinion

BEACH, J. The plaintiffs, Lina Kung and Ngan-Qiu Fung, appeal from the judgment of the trial court denying their motion to open the judgment of dismissal rendered in favor of the defendants, Charles Deng, Donald Gallant and Dawn Tosti. We affirm the judgment of the trial court.

The record reveals the following facts and procedural history. In July, 2008, the plaintiffs commenced an action against the defendants sounding in negligence. The complaint alleged that on July 24, 2006, while Deng was driving a motor vehicle in which the plaintiffs were passengers, Deng's vehicle collided with a vehicle driven by Gallant and owned by Tosti. The complaint alleged that both Deng and Gallant were operating their respective vehicles in a negligent manner, and, as a result of their negligence, the plaintiffs suffered injuries.

In August, 2008, Deng served interrogatories and requests for production on the plaintiffs, as did Gallant

and Tosti. The plaintiffs responded to the defendants' interrogatories and requests for production, but failed to provide copies of various requested medical records. At a pretrial hearing on March 24, 2010, the court ordered that the plaintiffs supply the defendants with copies of medical records from Harmony Psychological, Point Acupuncture, DCBK Family Chiropractic and Grand Medical. The plaintiffs did not produce the records. At a pretrial hearing on June 9, 2010, the court ordered the plaintiffs to produce medical records for Harmony Psychological, Point Acupuncture, DCBK Family Chiropractic and Grand Medical on or before July 31, 2010, or the case would be dismissed for failure to comply with discovery.

On July 30, 2010, the plaintiffs filed a motion for extension of time, in which they sought an additional sixty days within which to obtain and to disclose the medical records. Deng filed an objection to the plaintiffs' motion for extension of time. Gallant and Tosti later joined in the objection and filed a motion to dismiss the case on the basis that the plaintiffs had failed to comply with the court's June 9, 2010 order. After a hearing on September 7, 2010, the court denied the plaintiffs' motion for extension of time and granted the motion to dismiss.

Pursuant to General Statutes § 52-212 and Practice Book § 17-4, the plaintiffs, on January 6, 2011, filed a motion to open the judgment of dismissal that had been rendered by the court on September 7, 2010. In their motion, the plaintiffs argued that they resided in New York and received most of their medical treatment related to the accident in New York. The plaintiffs asserted that they had made efforts to obtain the missing medical records and were able to locate some of them at the time the motion to open the judgment was filed.

On February 22, 2011, the court held a hearing on the motion. At the hearing, the plaintiffs argued that they had made efforts to comply with discovery and that they had given the defendants the medical records that they were able to obtain. Counsel for Gallant and Tosti stated that they were still missing medical records pertaining to both plaintiffs from Harmony Psychological and DCBK Chiropractic and were missing approximately three months of records from Point Acupuncture. Counsel for Deng agreed that he as well had not received copies of those records.

On April 8, 2011, the court issued a written memorandum of decision denying the plaintiffs' motion to open. The court concluded that the plaintiffs had failed to meet their burden of demonstrating that they were prevented from prosecuting this action because of mistake, accident or reasonable cause. The court dismissed the case and stated that the plaintiffs failed to comply with its March 24, 2010 and June 9, 2010 orders, and, as a result, the defendants were prejudiced in their defense of the case because of the plaintiff's failure to comply with discovery. This appeal followed.

Because neither the appeal nor the motion to open the judgment was filed within twenty days from the rendering of the judgment of dismissal, we consider only the court's action on the plaintiffs' motion to open. "In an appeal from a denial of a motion to open a judgment, our review is limited to the issue of whether the trial court has acted unreasonably and in clear abuse of its discretion. . . . In determining whether the trial court abused its discretion, this court must make every reasonable presumption in favor of its action. . . . The manner in which [this] discretion is exercised will not be disturbed so long as the court could reasonably conclude as it did." (Internal quotation marks omitted.) *Spilke* v. *Spilke*, 116 Conn. App. 590, 594–95, 976 A.2d 69, cert. denied, 294 Conn. 918, 984 A.2d 68 (2009).

"Except in cases in which a judgment has been obtained by fraud, duress or mutual mistake or, under certain circumstances, where newly discovered evidence exists to challenge the judgment, the power of a court to open a judgment after a default has entered is controlled by statute. . . . Pursuant to . . . § 52-212 (a), a trial court may set aside a default judgment within four months of the date it was rendered provided that the aggrieved party shows reasonable cause or that a good cause of action or defense existed at the time the judgment was entered. The aggrieved party must additionally demonstrate that he was prevented by mistake, accident or other reasonable cause from prosecuting or defending the original action. General Statutes § 52-212 (a) . . . see also Practice Book § 17-43 (a)." (Citations omitted; internal quotation marks omitted.) *Priest* v. *Edmonds*, 295 Conn. 132, 136–37, 989 A.2d 588 (2010).

The plaintiffs do not dispute that they did not comply with the court orders requiring them to comply with the defendants' discovery requests. Rather, they argue that the court abused its discretion because, despite much effort, the plaintiffs' counsel was unable to obtain all of the requested records, but had provided the records they knew they had in their possession prior to the case being dismissed. We disagree.

The court did not abuse its discretion when it determined that the plaintiffs' failure to fully comply with discovery did not constitute a mistake, accident or reasonable cause to open the judgment. Despite having more than two years in which to comply, and having received two orders instructing them to provide the requested records, the plaintiffs failed to do so. The court found that the plaintiffs had not satisfied the requirements for opening the judgment pursuant to § 52-212 (a), and on the basis of our review of the

record, we do not conclude that the trial court abused its discretion.

The plaintiffs also argue that the court erred in failing to consider whether the remedy of dismissal was proportional to the discovery violation, in accordance with the three-pronged test set forth in *Millbrook Owners Assn., Inc.* v. *Hamilton Standard*, 257 Conn. 1, 17–18, 776 A.2d 1115 (2001).[1] The plaintiffs have not appealed from the judgment of dismissal but have only appealed from the denial of their motion to open and have done so more than twenty days after the judgment of dismissal was rendered. As such, we will not review the plaintiffs' argument because it concerns the merits of the judgment of dismissal. "On appeal from a denial of a motion to open a judgment where there has been no appeal from the underlying judgment, the good cause required to open that judgment cannot involve the merits of the judgment because that would require a resolution of the same question that would have been resolved had the appellant timely appealed from the judgment and would, in effect, extend the time to appeal. . . . When a motion to open is filed more than twenty days after the judgment, the appeal from the denial of that motion can test only whether the trial court abused its discretion in failing to open the judgment and not the propriety of the merits of the underlying judgment." (Citation omitted; internal quotation marks omitted.) *Conway* v. *Hartford*, 60 Conn. App. 630, 635, 760 A.2d 974 (2000).

The judgment is affirmed.

In this opinion the other judges concurred.

---

[1] In *Millbrook Owners Assn., Inc.* v. *Hamilton Standard*, supra, 257 Conn. 17–18, the court held that "for a trial court's order of sanctions for violation of a discovery order to withstand scrutiny, three requirements must be met. First, the order to be complied with must be reasonably clear. . . . Second, the record must establish that the order was in fact violated. . . . Third, the sanction imposed must be proportional to the violation."